UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| The Estate of Mark David Turnage, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Valley Medical Center, Sound Physicians, )<br>Southlake Clinic, Dr. Mary Vancleave, Dr. )<br>Richard Wall, Dr. William Park, Dr. Suzanne )<br>Krell, Dr. Stefanie Nunez, Dr. Frank Thomas, )<br>Dr. Fatime Goda, Dr. Wynne Chen, Dr. )<br>Michael Hori, Dr. C. Gabriel Alperovich, Dr. )<br>Daniel O'Neill, Dr. Eric Yap, Dr. Christopher )<br>Di Re, Dr. William Pearce, Mallinckrodt, a )<br>Covidien company, American Regent, )<br>)<br>Defendants. )<br>) | Case No. C14-75 RSM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

THIS MATTER comes before the Court on Motion to Dismiss by Plaintiff (Dkt. # 40). Also pending before the Court are Defendants' Motions to Dismiss (Dkt. ## 24, 29, 30, 43) and for Summary Judgment (Dkt. # 33), as well as Plaintiff's Motion to Serve Process by Mail (Dkt. # 20). Having considered the submissions of the parties, the balance of the record, and no party having requested oral argument, the Court grants Plaintiff's motion to voluntarily dismiss her complaint and dismisses this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Accordingly, the Court denies all other pending motions as moot.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 1

**BACKGROUND**

This case arises out of health care treatment administered to Mr. Mark David Turnage, Jr. at King County Public Hospital District No. 1, d/b/a/ Valley Medical Center, from November 2010 through his passing on January 16, 2011 at age 29. Plaintiff, the Estate, through decedent's personal representative, Ms. Karie Fugate, filed this action *pro se* on January 16, 2014, for alleged violations of 42 U.S.C. § 1983 related to the Mr. Turnage's treatment. Dkt. # 1. An amended complaint filed on April 22, 2014 alleges diversity jurisdiction only and no longer federal question jurisdiction under 42 U.S.C. § 1983. Dkt. # 9, p. 2. In her amended complaint, Ms. Fugate states a claim for "[n]egligent products and services that lead [*sic*] to the death of my son." *Id.* Liberally construed, Ms. Fugate's complaint appears to state tort law claims for wrongful death and medical malpractice. *See e.g.* RCW 4.20.010; RCW Ch. 7.70.

With several motions to dismiss and for summary judgment by Defendants pending, Ms. Fugate filed a document captioned "Motion and Declaration to Dismiss" on June 11, 2014. Dkt. # 40. Ms. Fugate therein moves the Court to dismiss her complaint due to issues with personal jurisdiction, applicable statutes of limitation, "complexity of Federal questions/laws," and her inability to obtain counsel. *Id.* at p. 1. No response has been filed in opposition to Plaintiff's Motion.

**ANALYSIS**

Federal Rule of Civil Procedure 41(a)(2) provides that unless all parties to an action stipulate to a dismissal or the plaintiff dismissed before the opposing party served either an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because Ms. Fugate is proceeding with this action *pro se*, the Court liberally construes her pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), Ms. Fugate's request to dismiss was filed after Defendants had answered the amended complaint (Dkt. ## 22, 25) and

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 2

many of them moved for summary judgment dismissal (Dkt. # 33). The Motion clearly indicates the Estate's intent to voluntarily dismiss the amended complaint. Accordingly, the Court liberally construes the Estate's Motion to Dismiss as a motion for voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(2).

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber CO.*, 679 F.2d 143, 145 (9th Cir. 1982). The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice "means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). A dismissal does not legally prejudice a defendant because it leaves a dispute unresolved or because of the uncertainty caused by the threat of future litigation. *Id.* Nor is a defendant prejudiced by having to defend in state court or because of the expense incurred in defending against a lawsuit. *Id.*; *Westlands,*, 100 F.3d at 97.

Here, the Court finds that Plaintiff's Motion meets the criteria for voluntary dismissal. The dismissal of Plaintiff's claims would not prejudice Defendants, who have themselves requested dismissal of the Estate's amended complaint. *See Paulson v. City of Edmonds, Wash.*, 2013 WL 461987, *2 (W.D. Wash. 2013) (finding Defendants do not suffer legal prejudice where they have also moved for dismissal). Legal prejudice also does not arise because Plaintiff might refile this claim in another forum, such as Washington state court, or because Defendants have expended effort in defending themselves against the Estate's lawsuit. *See Smith*, 263, F.3d at 976; *Westland*, 100 F.3d at 97; *Hamilton*, 679 F.2d at 146 (determining that defendant's argument that court should have estopped the plaintiff from voluntarily dismissing the case because of defendant's significant litigation expenses was "without merit."). Finally, Defendants have not filed counterclaims, nor will dismissal preclude them from raising any previously raised defense should Plaintiff refile. *See* Fed. R. Civ. P. 41(a)(2) (providing that

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 3

any counterclaims must remain pending if filed before motion for voluntary dismissal).

While Defendants have requested through their motions that the Court dismiss Plaintiff's action *with* prejudice, the Court determines that this ultimate condition is not warranted in this instance. The Ninth Circuit has indicated that where a plaintiff fails to specify whether a request is for dismissal with or without prejudice, the matter is left to the discretion of the district court. *See Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir. 2002); *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette v. Godshall,* 828 F.Supp. 1439 (N.D Cal. 1993). Here, the lack of legal prejudice to Defendants, the early stage of the proceedings, the relatively minor resources Defendants have invested in this litigation, and Ms. Fugate's reasons for dismissal (such as her inability to locate and retain counsel) all favor dismissal without prejudice. *See Williams*, 227 F.R.D. at 540. In addition, Defendants have primarily moved for dismissal on jurisdictional grounds. Were the Court to agree, it would be constrained to dismiss Plaintiff's claims without prejudice. *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be…without prejudice so that a plaintiff may reassert his claims in a competent court.'") (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)). As to Plaintiff's ability to state a claim, the Court is obliged to construe Plaintiff's pleadings liberally and grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). As the Court is not persuaded that Plaintiff's claims are entirely without merit, it declines to dispose of them indefinitely.

Finally, the Court has the discretion to condition dismissal upon payment of costs and attorney's fees. *Westlands*, 100 F.3d at 97. "In determining whether to award costs…to [a] defendant [] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 4

effort and expenses incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540 (quoting 8-41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I]). Again, considering the early stage of the litigation, Plaintiff's diligence and reasons for moving for dismissal, and potential hardship to Plaintiff, the Court declines to condition dismissal on payment of Defendants' costs and fees.

## CONCLUSION

For the reasons stated herein, the Court hereby ORDERS that Plaintiff's Motion to Voluntarily Dismiss her amended complaint (Dkt. # 40) is GRANTED. The Court DISMISSES WITHOUT PREJUDICE this case in its entirety without imposition of fees or costs. The Court further DENIES as MOOT Defendants' Motions to Dismiss and for Summary Judgment (Dkt. ## 24, 29, 30, 33, 43) and Plaintiff's Motion to Serve by Mail (Dkt. # 20). This case is CLOSED.

Dated this 11th day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 5